## PROSECUTION UNDER THE ROSE LAW.

Circuit Court of Wood County.

GEORGE CARMACK v. THE STATE OF OHIO AND GEORGE ROGERS v. THE STATE OF OHIO. *

· Decided, April 13, 1910.

*Liquor Laws—Complaint Under the Rose Law—Need Not Allege that the Case Does Not .Fall Within the Exceptions—Continuance of Trial More Than Thirty Days Within the Discretion of the Court —Good Faith in the Matter of Sales for Pharmaceutical Purposes —Sections 6108 et seq. and 13243.*

1. In a prosecution for violation of the county local option law making the sale of intoxicating liquors unlawful, it is not necessary that the complaint allege that the sale was not within the exceptions mentioned in the statute, nor is it necessary to prove it; such matter is defense and must be established as such.

2. In a prosecution which comes within the principle of Section 13243, a discretion is given the trial judge to continue the case beyond the thirtieth day, and jurisdiction of the case is not lost by so doing.

3. In order to bring a sale of liquor in "dry" territory within the exception making a sale for pharmaceutical purposes lawful, it must appear that the transaction was in good faith on the part of the seller, and the mere keeping of a book containing the record, signed by the purchaser, that the liquor in question was to be used for pharmaceutical purposes, does not relieve the seller from compliance with the requirement of good faith.

*B. F. James,* for plaintiffs in error.

*N. R. Harrington* and *William Dunipace,* Prosecuting Attorney, contra.

WILDMAN, J. (orally); PARKER, J., and KINKEAD, J., concur.

Error to Wood Common Pleas Court.

In both of these cases, similar questions are presented. The two plaintiffs in error were prosecuted for an alleged violation of the liquor or local option law under which this county has voted to make the selling of intoxicating liquors as a beverage unlawful.

---

* Motion for leave to file petition in error in the Supreme Court overruled, June 14, 1910.

Numerous objections to the judgments of conviction in the pro-. bate court have been presented, both in the common pleas court to which the cases were brought upon error, and subsequently in this court.

The position is taken by these plaintiffs in error, among other contentions, that the complaint against them is insufficient in that it charges a violation of the prohibitory liquor law as applied to Wood county, without stating that the defendants did not come within one of the exceptions mentioned in the statute, especially the exception that applies to the sale of liquor for pharmaceutical purposes.

The affidavits of complaint upon which the cases were tried before the probate judge were attacked both by plea in abatement and by demurrer, and this question would properly be presented by demurrer, but it has been disposed of in another case decided by this court in Lucas county in 1907, or rather in three cases presented at the same time, viz.: the cases of *Olte* v. *State, Krupp* v. *State,* and *Noller* v. *State,* 29 O. C. C., 203; 9 C.C.(N.S.), 293.

Part of the syllabus that touches this particular matter is on page 204, seventh paragraph, and reads:

"Negative averments and proof are not necessary in prosecutions for violations of a statute under provisos or exceptions not included in the definition of the offense. Hence no proof is required of such negative averments in an affidavit for unlawfully selling intoxicating liquors in a residence district where the selling of intoxicating liquor is unlawful under the Jones district local option law"; and the principle is the same.

On page 215 of the opinion the matter is more fully discussed, but I will not stop to read it. Leave to file petitions in error in these cases was refused by the Supreme Court.

It will be noted that the holding is, that it is not incumbent upon the state, either to allege, or to prove that the sales were not made for pharmaceutical purposes. Indeed, the principle is well settled by authority, not only in this state but elsewhere, that where negative matters of this kind are not included in the definition of the offense and where certain persons or certain classes of cases are excepted from the operation of the act, it be-

comes a matter of defense for the defendant to allege and show that the transaction comes within such classes of cases, or that he is one of the persons exempted by the act.

Plaintiffs in error further contend that jurisdiction to try the cases was lost in the trial court by non-compliance with Sec. 4364-30zd, reading as follows:

"When a prosecution is commenced before a court or magistrate for the violation of a law prohibiting the sale of intoxicating liquors as a beverage, and the liquors seized by virtue thereof are to be used as evidence in such trial, such trial must take place in not more than thirty days."

This statute it will be noted is not applicable except where liquors are seized and are to be used as evidence in such trial. In the case before us the liquor had been obtained in some way and possibly the principle of the statute would apply, but the statute provides further:

"If at the time appointed for such trial, the returns have not been properly made, or for other sufficient cause, the trial is postponed to a further date, it shall not be continued more than fifteen days beyond such thirty days."

This prosecution was begun, if my memory serves me right, upon the ninth of November, 1909, and upon the application of the defendants in the two cases, continuances were had until December fourteenth. On the fourteenth of December additional continuances were had until the twentieth of December upon application of the state, but the first continuances were had upon the application of the defendants, as stated in the record. The cases in fact began upon the twentieth, forty-one days after complaint was filed—were tried, and motions for new trials were made in the absence of trial court, and the cases went to judgment upon the twenty-sixth. The statute does not provide that the length of time before judgment after the beginning of the trial shall not be more than the forty-five days.

We do not understand that the statute contemplates a loss of jurisdiction by the court after the trial is begun, if it is begun in proper time. No exception was taken to the adjournment upon the application of the state—at least no exception appears in the

record and we are not disposed to think the court lost jurisdiction upon the facts, so far as they are disclosed by this record.

In considering whether the convictions were justified by the evidence, that which I have said about the negativing of the guilt of the defendants by showing that the sales were made for pharmaceutical purposes, applies as well to the trials as to the charges in the complaints; the burden was upon the defendants to show that the sales were made for pharmaceutical purposes so as to bring the cases within the provisions of the act which would exonerate them from criminal liability.

It is true that the names of the buyers appear upon a register or book which is required to be kept by the statute, and opposite it is the word "pharmaceutical" placed there apparantly by a rubber stamp in a column where the word is placed as to other persons to whom sales were made, but there is evidence in the case bearing upon the question as to how sales were made and for what purpose, and upon this evidence it sufficiently appears, we think, to justify the magistrate in finding that there was no real intention to use the liquor so procured for pharmaceutical purposes. In fact it is testified to by one of the witnesses at least, that he got the liquors to drink, and he does not at any place in his testimony indicate that he was buying them in fact for pharmaceutical purposes. He signs the book; the seller seems to have thought that the mere keeping of the book and putting down an ostensible purpose for which the sale was made was all that was required—that is, if they were selling for the ostensible purpose of being used for pharmaceutical purposes, then there would be no violation of the law. We think this is not contemplated by the statute; the sales must have been made in good faith for pharmaceutical purposes, whether or not the purchaser was acting in good faith.

We do not feel called upon to discuss the question whether the *bona fide* belief of the seller if it had existed, that he was selling for pharmaceutical purposes, would exonerate him from liability or not. We think at least that he would have no legal right to sell unless he so believed, and the evidence, we think, is such that the probate judge could very well conclude that the

whole transaction was a mere idle form so far as the claim was made that the liquors were to be used for pharmaceutical purposes and that it was simply done by the seller to evade the law. The burden being upon the defendants to show this defense— and not for the state to disprove it—we can not say that the finding of the trial court was against the weight of the evidence.

It is claimed that a new trial should have been granted, because of newly-discovered evidence, upon a motion which was filed upon that ground. We think that the newly-discovered evidence, as disclosed, might affect to some extent the credibility of witnesses, but it did not go directly to the issue involved in the case; and even it it had, our Supreme Court has many times laid down the rule that new trials will not be granted upon newly-discovered evidence unless the effect will be to require a different verdict from that which was rendered, and we feel that the court below would not have been justified in granting a new trial in this case upon that ground. The evidence to be sure, if it had been in possession of the defendants and had been offered upon the trial, might have induced the probate judge to form a different conclusion, but we can not say that it would necessarily have done so or that its legitimate effect would have been to require him to form a different conclusion, because he might still from all the circumstances have been satisfied that the defendants had violated the law and that these men should be convicted. There are some other points in the cases to which I might refer if I had time, but they are not of any special importance, and it is sufficient to say that we find no error in the records such as would justify any reversal of the findings and judgments of conviction, and the judgments will be affirmed.